IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID YOST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 5393 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MORGAN CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Morgan Carroll, has filed a Petition to Certify for Immediate Appeal Judge Lefkow's Order denying his Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Dkt. #20]. The facts relevant to a decision on the Petition are set forth below.

**A.**

This case is about some seemingly rather unusual and extravagant transactions between the plaintiff and his daughter and her soon to be former husband, who is the defendant in this case. It appears that over the years, plaintiff transferred to his daughter and her husband over $7 million. The transactions were claimed in the Complaint by Mr. Yost to have been loans – not gifts. They were evidenced by (purported) "notes," dated April 30, 2015, and November 15, 2016. The money was used for the purchase of first one home and then another. As payors, the couple "promised" in the notes to repay the principal and interest, "collectively and individually." The notes called for interest to accrue on the principal at the rate of four percent (4%) per annum until April 30, 2020, at which time the payors would begin paying monthly installment payments of $5,000 until all principal and interest were repaid. Both notes were payable on demand. [Dkt. #1]. But, according to the defendant's Motion to Dismiss the Complaint, [Dkt. #9], the father made the "loans" secured

by notes to his daughter and her husband "so that the money provided [was] not considered a gift taxable at 40%." [Dkt. #9, Page 26/26]. The obligors on the "notes" never made any payments – neither principal nor interest – on either "note." [Dkt. #1]. Nor were they asked to by Mr. Yost. But, then came the divorce action, followed by the present suit against Mr. Carroll.

One of the payors, Anne Yost Carroll, is the daughter of the plaintiff. She filed for divorce on June 16, 2020. The soon-to-be-ex-father-in-law made his first ever demand for payment on the two "notes" not long thereafter on August 28, 2020. No demand for repayment was made on Mr. Yost's daughter. (One is reminded of Justice Frankfurter's quip: "The mind of justice, not merely its eyes, would have to be blind to attribute such an occurrence to mere fortuity." *Avery v. State of Georgia*, 345 U.S. 559, 564 (1953)(Frankfurter, J., concurring).

Mr. Yost then filed suit two weeks later on September 11, 2020. The case was assigned to Judge Lefkow. On November 10, 2020, the defendant filed a Motion to Dismiss the Complaint, claiming lack of jurisdiction. The motion argued that the dispute fell within the so-called "domestic relations" exception to federal jurisdiction. [Dkt. #10]. Judge Lefkow had the parties brief the matter, [Dkt. #11], and thereafter took it under advisement. The motion was ultimately denied on August 18, 2021. [Dkt. #18].

In her two-page ruling, Judge Lefkow explained that the "domestic relations" exception has both a core and a penumbra. Her explanation left no doubt of her analysis and assessment of the issues as they pertained here:

> The penumbra of the exception consists of ancillary proceedings, such as a suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceeding.
>
> This case does not fall within the core of the domestic relations exception because the court is not being asked to issue a decree as to divorce, alimony, or child custody.

2

> Nor does this case fall under the penumbra of the domestic relations exception because it does not require an ancillary proceeding. While there are domestic undertones in this litigation, the claim before the court is a straight-forward breach of contract based on unpaid promissory notes, the resolution of which is unrelated to the domestic issue pending in state court. A case does not fall within the exception merely because the plaintiff's allegations "touch on the subject of marriage." *See Arnold v. Villarreal*, 853 F.3d 384, 387 n.2 (7th Cir. 2017) (state fraud claims fall outside the exception); *Loubser v. Thacker*, 440 F.3d 439, 440–42 (7th Cir. 2006) (same); *Friedlander* [*v. Friedlander*, 149 F.3d [739,] 739–41 (7th Cir. 1998) (same for state claims for intentional infliction of emotional distress).

[Dkt. #18, at 2 ].

Three weeks later, on September 7, 2021, the defendant filed with Judge Lefkow a Petition to Certify an Interlocutory Appeal Under 28 U.S.C. § 1292(b), [Dkt #20], which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Judge Lefkow set a briefing schedule on the Petition on September 9, 2021, with the first brief being due on September 21, 2021. [Dkt. #21]. However, on September 16, five days before the first brief was due, the parties jointly consented in writing to my jurisdiction. [Dkt. #22]. Thereafter, the plaintiff filed his response brief in opposition to the Petition for Certification. [Dkt. #26]. The reply brief was filed in a timely manner thereafter. [Dkt. #28].

**B.**

Before turning to the merits, there are certain questions that should be addressed: the first is whether a "magistrate judge" has the power to enter (or deny) a § 1292(b) certification, since the statute provides in terms that the certification is to come from the "district judge" who, "shall be of the opinion" that the contested order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from that order, etc.

3

The first question is the simplest. It is can the certification only come from a "district judge" or can a magistrate judge certify a matter for interlocutory appeal. We need not resort to the principle that statutes no less than private documents are often to be interpreted by the spirit which vivifies and not by the letter which killeth, for § 1292(b) has not been construed in a way that requires that the Order come from a "district judge" – i.e. an Article III judge. No case of which we are aware suggests, let alone holds, that a magistrate judge – even though not an Article III appointee – lacks the authority to make a § 1292(b) certification. The cases are clear that a magistrate judge overseeing a case by unanimous consent of the parties has authority under § 1292(b). *See, e.g., Pozo v. McCaughtry*, 286 F.3d 1022 1023 (7th Cir. 2002)(Easterbrook, J.); *Chelettt v. Harris*, 229 F.3d 684, 686 (8th Cir. 2000); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169 (6th Cir. 1993). *See also LeVick v. Skaggs Cos., Inc.,* 701 F.2d 777, 778 n. 1 (9th Cir. 1983); *Central Soya Co., Inc. v. Voktas Inc.*, 661 F.2d 78 (7th Cir. 1981).[1]

Nor is it an impediment to proceeding under § 1292(b) that *the* judge who made the Order from which an interlocutory appeal is sought is *not* the judge who is asked to make a § 1292(b) certification. If the statute were read literally, only the district judge who originally issued the challenged order could issue a § 1292(b) certification. Such a restrictive, hyper-literal reading of § 1292(b) would be at odds with the way courts routinely function. The inescapable reality is that judges die, retire, and recuse themselves – all of which require reassignment of the case to a new judge. If read literally, any reassignment to a new judge would foreclose the ability of that successor to rule on a § 1292(b) request for interlocutory review. But blind literalness is not conducive to a sound reading of any statute. The Supreme Court has repeatedly warned against the dangers of an

---

[1] Neither party has objected to my proceeding under § 1292(b).

approach to statutory construction which confines itself to the bare words of the statute. *Bob Jones University v. United States*, 461 U.S. 574, 586 (1983)("And it is well settled that, in interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute ... and the objects and policy of the law...."); *Lynch v. Overholser*, 369 U.S. 705, 710 (1962)("'literalness may strangle meaning.'"). *See also Desanto v. Pennsylvania*, 273 U.S. 34, 43 (1927) in which Justice Brandeis famously said: "The logic of words should yield to the logic of realities."

In short, a successor judge is not precluded from ruling on a request under § 1292(b) even though the Order which is under consideration was made by a predecessor judge regardless of whether that judge had expressed an opinion on the question of interlocutory appealability. At least two courts have held that reassignment to a second judge does not prevent that judge from ruling on a § 1292(b) request to certify for interlocutory review an order of a prior judge. *See Penthouse Owner Assoc., Inc. v. Certain Underwriters at Lloyds, London*, 612 F.3d 383, 385-86 (5th Cir. 2010); *Alliance Health Group, LLC v. Bridging Health Options*, *LLC*, 553 F.3d 397, 398-99 (5th Cir. 2008).

**C.**

In interpreting court orders, we look to the objective intent of the Order sought. *Bramhall v. Salt Lake District Attorneys Office,* 804 F. Appx. 935, 937-38 (10th Cir. 2020); *Brown v. McDonalds*, *USA, LLC*, 430 F.Appx 700, 702 (10th Cir. 2011). It is not difficult to conclude that Judge Lefkow was "of the opinion" that her Order did not involve a controlling question of law as to which there is a substantial ground for difference of opinion. Judge Lefkow's concise, emphatic Order, clearly demonstrates that she would be of the opinion, if the parties had not consented to transfer here, that there was *not* substantial ground for difference of opinion on the question on

5

which interlocutory appeal is sought and that an immediate appeal from her Order would *not* materially advance the ultimate determination of the litigation. My independent analysis comes to the same conclusion: I conclude that the Petition to Certify for Immediate Appeal Judge Lefkow's ruling denying the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. #20] should be denied.

## D.

There are four statutory criteria governing the granting or denial of a § 1292(b) petition: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. *Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). Unfortunately, what should be a rather simple process is often not, because "the criteria . . . are not as crystalline as they might be." *Id.* at 676. That "there must be a question of law" is a perfect example. Just because something technically presents a question of law – the denial of a motion for summary judgment or the interpretation of a contract, for example – does not mean it is a question of law under § 1292(b). The Seventh Circuit has explained that the statute uses:

> "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

*Ahrenholz*, 219 F.3d at 676–77.

Defendant's Petition to Certify Grounds for Appeal Under 28 U.S.C. § 1292(b) incorrectly assumes – relying on a 35-year-old district court case that also simply assumed – that subject matter jurisdiction is automatically a controlling question of law. [Dkt. #20-1, at 1-2]. *Hill v. Norfolk &*

6

*Western Ry. Co.,* 814 F.2d 1192, 1198 (7th Cir.1987). *Accord, Fred A. Smith Lumber Company v. Edidin,* 845 F.2d 750, 753 (7th Cir.1988). But, there is "controlling" *and* there is "question of law," as *Ahrenholz* sought to make clear. *Ahrenholz* is a Seventh Circuit case – and thus controlling precedent in this Circuit – that made plain that "question of law" means something different in this context. The Seventh Circuit has reminded district judges – and litigants – "that 'question of law' means an abstract legal issue." *Ahrenholz*, 219 F.3d at 677. At one point in his Reply Brief, defendant goes so far as to argue that the resolution of this issue – and thus his Petition – turns on varying interpretations of what a domestic relations court judge said at a hearing. [Dkt. #28, at 2-3]. That is the opposite of something that can be decided "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676-77. And even if it did not, the meaning of what was said may be anything but certain and may well be subject to varying interpretations.

Defendant had to come to grips with *Ahrenholz* and not simply ignore it in favor of an isolated 35-year-old district court case. [Dkt. #20-1 at 2]. It is inappropriate to ignore potentially adverse precedent. *Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1198 (7th Cir.1987), *United Auto. Ins. Co. v. Veluchamy* 2010 WL 889980, 3 (N.D.Ill.2010). After all, a party seeking relief under §1292 has a heavy burden to convince the district court to certify an interlocutory appeal. *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *Lakeview Collection v. Bank of Am.*, 2010 WL 11713276, at *1 (N.D. Ill. 2010); *Jones v. Douglas*, 2008 WL 11515948, at *1 (N.D. Ill. 2008); *Hollinger Intern., Inc. v. Hollinger, Inc.*, 2005 WL 327058, *2 (N.D. Ill. 2005). Interlocutory appeals, it must be remembered, are "frowned on in the federal judicial system," *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012), and are allowed only "sparingly, lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*,

7

505 F.3d 736, 741 (7th Cir. 2007).

Defendant's argument also fails in terms of whether there is "substantial ground for difference of opinion," § 1292(b), whether the issue is "contestable." *Ahrenholz*, 219 F.3d at 675. A question of law is contestable if there are substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority, and there is a substantial likelihood that the district court ruling will be reversed on appeal. *See, e.g., Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002)(questions of first impression are contestable); *880 S. Rohlwing Rd., LLC v. T&C Gymnastics, LLC*, 2017 WL 264504, at *6 (N.D. Ill. 2017); *United States v. Moglia*, 2004 WL 1254128, at *3 (N.D.Ill. 2004); *In re Kmart Corp.*, 2004 WL 2222265, at *2 (N.D. Ill. 2004). *See also Shah v. Zimmer Biomet Holdings, Inc.*, 2019 WL 762510, at *8 (N.D. Ind. 2019)("Certification pursuant to Section 1292(b) was not intended to cover every legal issue in which there is not binding precedent or let alone every legal issue as to which reasonable minds could differ."). Defendant has not met his burden here.

The defendant argues that Judge Lefkow's finding was wrong because she was being asked to find that the defendant/son-in-law "is solely liable for the purported debt outside of a pending divorce, which would run afoul of the domestic relations exception." [Dkt. #20-1, at 2]. I disagree. The plaintiff's Complaint seeks to enforce promissory notes that defendant signed "individually and/or collectively" – along with his then wife. That is all the relief that is sought by the Complaint. I agree with Judge Lefkow's analysis that it does not determine the eventual allocation of marital assets. And her finding in this regard, with which I independently agree, could not have been more succinct. It was based on well-settled law regarding the core and the penumbra of the "domestic

relations" exception. Routine applications of well-settled legal standards to facts alleged in a Complaint are inappropriate for interlocutory appeal. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010).

The defendant's contention that plaintiff's claims fall within the penumbra of the domestic relations exception for federal jurisdiction is founded on a case that is analytically dissimilar from what we have here. In *Dawaji v. Askar*, 618 Fed. App'x 858, 860 (7th Cir. 2015), the Seventh Circuit found that the district court had no jurisdiction in a § 1983 suit brought by the wife that charged the husband and special prosecutor with having coerced the plaintiff/wife into accepting a settlement in her divorce proceeding by bringing a criminal contempt action against her for violating the couple's custody agreement. Obviously, if the federal court adjudicated the §1983 suit, "it would have to determine the merits of her request for larger payments for child support and maintenance and additional marital assets." *Id.* at 860. Deciding whether Mr. Carroll is liable on the notes at issue here does not present a comparable situation. What the defendant has pled is that what were denominated "promissory notes" were executed at the time the supposed "obligors" were married. Accordingly, defendant has not shown that this is a situation where an interlocutory appeal should be allowed. *Compare Mannix v. Machnik*, 2006 WL 566447, at *3 (N.D. Ill. 2006)(denying a §1292(b) petition, because "lack of subject matter jurisdiction over domestic relations matters [is a] well-settled principle[] bound by controlling precedent in this Circuit."). The Petition [Dkt. #20] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/20/21