IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID YOST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 5393 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MORGAN CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves a suit for several millions of dollars in purported loans made by the plaintiff – the defendant's former father-in-law – to the defendant and his then wife, the plaintiff's daughter. [Dkt. #1]. On March 1, 2022, I granted the defendant's motion to extend the discovery deadline thirty days, from March 1st to March 31st. The March 1st date had been set for nearly four months, since November 17, 2021, when the previous deadline of January 15, 2022 [Dkt. #33] had been extended. [Dkt. # 45]. The defendant's motion to extend the March 1st deadline came at the last minute – at 5 minutes before 5 p.m. the evening before discovery closed. Eleventh hour motions for extensions of deadlines are viewed with disfavor – as attempts to obtain an extension by default. Indeed, as the Seventh Circuit said in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996), "[w]hen parties wait until the last minute to comply with a deadline, they are playing with fire." *See also Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 947 (7th Cir. 2020)(decrying last-minute requests for extensions); *DR Distributors, LLC v. 21 Century Smoking, Inc*., 2015 WL 8777633, at *2 (N.D. Ill. 2015). The timing of a motion such as that filed by the defendant all too often is premised on the hope that the tactic will leave the judge with no choice but to grant the motion. *G & G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *4 (N.D. Ill. 2016).

Thus, it is not surprising that the plaintiff thought the motion ought to have been denied, and he has asked me to reconsider the Order granting it. [Dkt. #76].

While motions for reconsideration can serve a valuable function, *White v. Wheeler*, 577 U.S. 73 (2015); *Seymour v Hug*, 413 F.Supp.2d 910, 934 (N.D.Ill. 2005), they are generally disfavored, *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); Wright & Miller, Federal Practice & Procedure, § 4478 (2d ed. 2002) – and for sound institutional reasons. *McCarthy v. Menards*, 327 F.R.D. 177, 179 (N.D. Ill. 2018). To be sure, the defendant's counsel offered several excuses for the belated attempt to obtain an extension, but they were not very specific. Here is a sample: "Due to Defendant's attorneys' schedules, including two arbitrations and two trials since the continuation was entered, and an unforeseen family emergency matter requiring a significant amount of time to address, Defendant's counsel has been unable to complete fact discovery." [Dkt. #72, ¶. 6].

Was so little explanation sufficient to demonstrate diligence as required by Fed.R.Civ.P. 16(b)(4) ? *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Evaluations of the sufficiency of the offered excuses involves the vast discretion courts have in matters of discovery and scheduling. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Indeed, on a virtually identical set of facts, two decision makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion, and both be affirmed on appeal. *See Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance

of uncertainties can rarely be deemed unreasonable...."). Indeed, "substantial discretion... ensures inconsistency." *Johnson v. Daley*, 339 F.3d 582, 593-94 (7th Cir. 2003).[1]

But while defendant's counsel's explanation might be thought by some sufficient to account for a timely failure to complete fact discovery, it does not account for the failure to have moved for an extension in a timely manner. In the motion for the extension, defendant's counsel informed the court that defendant served fifteen deposition notices on the final day of discovery. [Dkt. #72, ¶. 8]. But, that conduct violates Local Rule 16.1, which mandates that "discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." I adverted to that Local Rule in my Order granting defendant's motion nevertheless. Those notices also violate Fed.R.Civ.P. 30(a)(2), which limits parties to ten depositions without leave of court. Defendant noticed those depositions without seeking court permission. And so, there is another reason defendant's motion could have been denied.

Those fifteen depositions, all belatedly noticed on the final day of discovery, raise another problem with defendant's motion. Defendant's counsel had to have known *by no later than mid-February* that she was not going to being able to serve her deposition notices in compliance with the deadline and Local Rule 16.1. That was the time to file a motion for an extension, not two weeks later at the eleventh hour apparently in an attempt to gain an extension by default. Again, there may have been an excuse for failing to complete discovery in a timely manner, but there was no excuse for failing to file a two-and-a-half page motion for an extension of time moments before the

---

[1] Thus, motions for reconsideration are especially rare when the issue involves matters of timing or scheduling – matters on which courts have substantial discretion. *O'Brien v. Village of Lincolnshire*, 955 F.3d 616 (7th Cir. 2020); *Serrano-Perez v. FMC Corp.*, 985 F.2 625, 628 (1st Cir. 1993).

expiration of the allowable time. Still, the case was in its early stages, involved a great deal of money, and contained allegations by the defendant – some oblique, others direct – that the case involved a scheme to avoid the payment of federal gift taxes – allegations which were denied by the plaintiff. A determination of how discretion should be exercised in these circumstances might vary. But that is the very nature of discretion.

In the defendant's response to the plaintiff's motion for reconsideration, the defendant finally became more frank regarding what had caused the tardiness. There were, counsel said, several court and arbitration matters that had to be attended to, one after the other, which counsel now belatedly identified, although they were not spelled out in the original motion. Beyond that, defense counsel now explained what the family emergency – to which she had previously only made vague reference – had been:

> In addition to the matters listed above which required a great deal of time and attention, counsels' calendars were further complicated in early December when attorney Allen's father became ill. Mr. Allen began to dramatically decline over the coming weeks. He was admitted to the hospital for what was believed to be an infection, and a possible diagnosis with Parkinson's disease. Mr. Allen was given intravenous antibiotics and then released to a skilled nursing facility for rehab. Ms. Allen was instructed by her father's physicians to locate an assisted living facility for her father to live in after his release.
>
> On December 26, 2022, attorney Allen tested positive for COVID-19 and was thereafter out of the office sick and for two weeks. Unfortunately, Mr. Allen's condition did not improve but instead continued to deteriorate quickly. By mid-January he was unable to feed himself, speak much at all, and became unable to move from bed to a chair even with assistance of two aids. On February 16, 2022, Ms. Allen went to see her father after work in order to feed him. Upon arrival she found that he had collapsed, was hanging sideways out of the bed, and had coughed up blood.
>
> Mr. Allen was transported back to the hospital where a chest x-ray revealed a large mass in his lung. After several days of observation, on February 21, 2022, Ms. Allen met with the hospital's pulmonary, oncology, and palliative care teams who informed Ms. Allen that her father would not tolerate any treatment and that she should engage

> hospice care. Having come to need two people assist in moving him for dressing and personal care. Mr. Allen could no longer be admitted to assisted living and instead needed a permanent placement in a skilled nursing facility to care for him. The palliative care team estimated that Mr. Allen's death would occur within days to weeks. Mr. Allen remains in hospice care as this Response is being drafted.

[Dkt. #83, at 3-4].

Here was a family crisis that should be considered and weighed in the balance – both by the court and by opposing counsel. It was an explanation of difficulties that had not previously been made – a fact forcefully and quite properly emphasized in Mr. Yost's Reply Brief.[2] In fact, there had been no prior mention of it. Here is what the plaintiff's counsel said in the Reply Brief:

> [I]t is important to state that Plaintiff's counsel is not unmindful of Defendant's response detailing the illness of a family member and would never dismiss or diminish the burden and extreme difficulty associated with such an illness. However, at no point during the time for discovery did Carroll's counsel mention this illness as a reason to extend discovery; the illness was not mentioned in the motion to extend and was only raised in response to the motion for reconsideration. Family issues are and remain always a priority, which is presumptively why an additional attorney, John Zummo, filed an appearance in this case on Carroll's behalf in December, to assure that deadlines and other case obligations were not disregarded.

[Dkt. #85, at 2].

The fact that what has now been revealed was not disclosed earlier in its entirety as it should have been was a misguided decision on the part of defense counsel. But that does not warrant the granting of the plaintiff's motion for reconsideration. The plaintiff's motion [Dkt. #76] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/25/22

---

[2] *See* the discussion in *Motorola Sols., Inc. v. Hytera Communications Corp.,* 2018 WL 2254790 at *3 (N.D.Ill. 2018); *R-Boc Representatives, Inc. v. Minemyer*, 233 F.Supp.3d 647, 684 (N.D.Ill. 2017).