IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID YOST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 5393 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MORGAN CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The "facts" relevant to this case are discussed in *Yost v. Carroll,* 2022 WL 888945, at *1 (N.D. Ill. 2022); *Yost v. Carroll*, 2022 WL 185199, at *1 (N.D. Ill. 2022); *Yost v. Carroll*, 2022 WL 180153, at *1 (N.D. Ill. 2022). It should be noted at the outset that this case has been pending for only a year and a half, a number of months of which were taken by this court's predecessor in considering whether to certify the case for interlocutory appeal. Thus, in a real sense, the case is not very old – and certainly not by the temporal limits judges have come to accept as usual and normal.

On March 28, 2022, three days before the discovery cutoff of March 31, 2022, the defendant filed a Motion to Extend the Close of Fact Discovery until May 16, 2022. [91]. To the Motion, the defendant attached 11 exhibits, totaling 69 pages, which included defendant's responses to discovery and document requests (pp. 11-28) and 50 pages of emails and responses between plaintiff's and defendant's counsel. That there should be so a heated controversy between the lawyers over the course and duration of discovery is unfortunate – but sadly all too common in modern litigation. *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000). It is unfortunate, to say the

least, that a suit that, at least on its face, seeks to collect on outstanding notes should have generated so much disagreement – and at a relatively early stage in the case. But here we are.

The defendant's Motion asks that discovery be extended 45 days to May 16, 2022 to allow the defendant to complete what the defendant contends is the "necessary" discovery consistent with Local Rule 16.1. We begin as we must by acknowledging the extraordinary discretion a court has in managing discovery – a matter discussed in earlier opinions. "'Managing the discovery process is the district court's business,'... [and] the 'district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes.'" *Wanko v. Board of Trustees of Indiana University*, 927 F.3d 966, 969 (7th Cir. 2019). As in all cases – and especially given the issues and charges that have been raised by the respective pleadings in this case – who is on the "right" side of the issues cannot be determined without appropriate discovery – on both sides.[1] And that requires that each side be given an appropriate amount of time to conduct relevant and proportional discovery. The defendant's request for an additional 45 days to complete fact discovery seems fair and appropriate in this case and will not prolong unnecessarily or unduly resolution of the issues in this case. The plaintiff, if the defendant's motion is granted, will, of course, be entitled to conduct within that period whatever appropriate discovery he chooses.

Accordingly, the defendant's motion to extend the close of fact discovery for a 6 week period from 3/31/22 to 5/16/22 [91] is granted. I realize that the plaintiff has an objection to the brief

---

[1] The plaintiff insists this is a simple suit on promissory notes to collect several millions of dollars due and owing from the defendant. The defendant's view is quite different. He insists that the transfers were, in reality, gifts to him and his then wife, disguised as loans so that the plaintiff could avoid gift taxes. Where the truth lies remains to be seen. But, without appropriate discovery, who is on the "right" side of the argument can never be ascertained.

extension being granted, and an objection by the plaintiff is assumed in the granting of the defendant's motion. This is a final extension.

Unless all the lawyers, the involved court reporters, and scheduled deponents are in agreement that depositions may proceed in person, they will be conducted by video. Agreement among the lawyers, alone, will not suffice.

The parties should keep in mind that needless controversy not only hurts their respective cases, but is inimical to the public weal and to parties in other cases "waiting in the queue for judicial attention." *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991). *See also Chapman v. First Index, Inc*., 796 F.3d 783, 787 (7th Cir. 2015)(the public should not be made to subsidize needless disputes). Counsel are to cooperate with each other in the scheduling of depositions so that there will be compliance with this Order and schedule and with Local Rule 16.1. Should there be difficulties in the scheduling of depositions – including third party depositions – if any – the matter must be brought to this court's attention immediately. Finally, there remains the matter of whether 15 depositions rather than 10 should be allowed. See Rule 30(a). That question was apparently not answered in earlier decisions. Given the present state of the case and the issues involved, 10 depositions will suffice. In light of this decision, there will be no need for a hearing on 3/31/22. The status previously set for 4/25/22 will proceed on that date.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/29/22