UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. DAVID YOST,<br><br>   Plaintiff,<br><br> v.<br><br>MORGAN TIMOTHY CARROLL,<br><br>   Defendant. | Civil Action No. 1:20-cv-05393 |
| MORGAN TIMOTHY CARROLL,<br><br>   Counter-Plaintiff/ Third Party Plaintiff<br><br> v.<br><br>R. DAVID YOST, AND ANNE YOST CARROLL,<br><br>   Counter-Defendant and Third-Party Defendant | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant/Counter-Plaintiff Morgan Timothy Carroll ("Carroll") for his Response in Opposition to Plaintiff's R. David Yost's ("Plaintiff" or "Yost") Motion to Dismiss Defendant's Amended Affirmative Defenses and Counterclaim ("Defenses"), states as follows:

**INTRODUCTION**

Under both the allegations in Carroll's Defenses and Yost's express admissions, Yost asked Carroll and his own daughter to sign the notes at issue for the express purpose of evading gift tax. It is beyond dispute that disguising gifs as loans is an unlawful purpose - it's illegal. Period. Illinois law is clear. A contract designed to accomplish an unlawful purpose is illegal and void, and the

1

court will aid neither party in its enforcement. Yost has not and cannot cite to any authority that will permit him to enforce purported promissory notes hatched out of an illegal scheme to evade taxes. Yost's purported authority is inapposite and, in fact, supports Carrol's illegality defense. Specifically, Illinois courts *only* permit an innocent holder in due course to enforce a note entered for an unlawful purpose. Yost is the admitted architect of the tax evasion scheme, is not an innocent holder in due course.

Moreover, under both the allegations in Carroll's Defenses and Yost's express admissions, Yost lured Carroll into notes by promising Carroll that the funds were gifts (to his daughter) and that the "*notes*" were simply vehicles *for Yost* to evade gift taxes. Now, after Yost's daughter decided to leave Carroll and filed a petition for divorce, Yost changed tack and claims that the "*notes*" were valid and enforceable. Notably, Yost seeks only to enforce them against Carroll in a transparent effort to leverage a greater share of the marital estate for his daughter. Yost's attempts to defeat Carroll's estoppel defense by arguing that a "party is not justified in relying on representation outside of or contrary to the written terms of a written contract. Illinois law, however, squarely rejects this very argument where, as here, the parties never intended the purported contract to in fact be a contract.

Carroll has unquestionably alleged facts to support its illegality and estoppel defenses. At a minimum, there is a question of fact that would preclude even summary judgment. Plaintiff most certainly has not met and cannot meet the higher burden of dismissing the Defenses under Rule 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. When considering a Rule 12(b)(6) motion, courts must view the allegations

in the light most favorable to the pleading party. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183 (1984). All well-pleaded facts and allegations in the pleading as well as in attached exhibits must be taken as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915 (1987), and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. *Ellsworth v. Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047 (1986).

### ARGUMENT

**I.    The Notes Were Concocted in Furtherance of an Unlawful Purpose and Are *Not* Enforceable.**

Illinois law is clear that a contract designed to accomplish an unlawful purpose is illegal and void, and the court will aid neither party in its enforcement. (See *Merchandise National Bank v. Kolber,* 50 Ill.App.3d 365, 370 (1st Dist. 1977). Carroll clearly alleges that the purported contracts at issue in this case were made for an illegal purpose and specifically identifies that the illegal purpose of the notes was to evade taxes in violation of 26 USCA §7201. (Dkt. 77 ¶¶ 7, 8, 14, 20, 24, 32, 40, 42, 47, 50, 51, 53, 55, 56, and 57.) Indeed, Yost's admitted (and alleged) scheme was unquestionably illegal.[1] Moreover, contrary to Yost's bald conclusions, Illinois courts have

---

[1] Tax evasion is the failure to pay or deliberate underpayment of taxes. *Internal Revenue Manual Part 25.1.1.4. Special Topics*, *Avoidance v. Evasion,* https://www.irs.gov/irm/part25/irm_25-001-001#idm140486824974640. "Evasion involves some affirmative act to evade or defeat a tax, or payment of tax. Examples of affirmative acts are deceit, subterfuge, camouflage, concealment, attempts to color or obscure events, or make things seem other than they are." *Id*. "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution." 26 U.S. Code §7201.The intentional disguising a gift as a loan in order to avoid gift taxes is illegal tax evasion. 26 U.S. Code §2501, §2511, and §7201. "Whether the transfer of property is a [*bona fide* transfer] or a gift depends upon whether, as part of a prearranged or preconceived plan, the donor intended to forgive the notes that were received at the time of the transfer. *Deal v. Commissioner*, 29 T.C. 730, 736 (1958). In *Deal*, the court found that the notes executed by the daughters were not intended to be enforced and were not intended as consideration for the transfer and, rather than a *bona fide* [transfer], the petitioner had made a gift of the remainder interest to her daughters. *Id*. The intent to forgive the notes was the determinative factor in *Deal* as well as in the sort of

3

considered tax evasion in determining whether or not a defense of illegality applies. See *i.e. Shanahan v. Schindler*, 63 Ill.App.3d 82 (1st Dist. 1978) (finding that evidence did not support finding that transaction involved an unlawful purpose consisting of attempting to evade taxes and deceive Internal Revenue Service, parol evidence was admissible concerning promise from payee that maker would not be held liable for the purported note, that the record adequately supported defendant's claim of fraud and misrepresentation, and thus the trial court's judgment in maker's favor must be affirmed). Thus, given this is a diversity case, and the issue of whether or not the purpose of the notes was illegal is substantive, it is one this Court should address.

Plaintiff's reliance on *In Re: Settlers' Housing Service, Inc.* (citing to *Kedzie and 103rd Currency Exchange*) is misplaced. ("Mot" p. 5) (citing *In re Settlers' Housing Service, Inc.*, 520 B.R. 253 (2014) and *Kedzie and 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill.2d 112 (1993).) *Settler's* and *Kedzie* both concerned the applicability of illegality defenses with respect to holders in due course who were *innocent third parties* that had no knowledge of the circumstances of the initial contract or transaction pursuant to 810 ILCS 5/3-305. *Id*. In *Kedzie*, the court explained: "The same rationale that precludes recovery by a wrongdoing plaintiff is *inapplicable* in determining such a holder's right to claim payment. Enforcement of that claim does not sully the court." *Kedzie* 112 (1993) (citing *Banker's Trust Co. V. Litton Systems, Inc.*, 599 F.2d 488 (1979)). Carroll's allegations, which must be taken as true for the purposes of Yost's motion, allege that Yost in neither innocent nor a holder in due course. (Dkt. 77 ¶¶ 7, 8, 14, 20, 24, 32, 40, 42, 47, 50, 51, 53, 55, 56, and 57.) Moreover, as stated above, Carroll alleges that the notes were made solely for the illegal purpose of evading gift taxes in violation of 26 USCA §7201. *Id.* As such, neither

---

transaction before us now. *Id*. A finding of a preconceived intent to forgive the notes relates to whether valuable consideration was received and thus to whether the transaction was in reality a *bona fide* [transfer] or a disguised gift. *Id*.

4

the holdings of *Settler's* and *Kedzie*, nor the provisions of 810 ILCS 5/3-305 with respect to holders in due course are inapplicable here.

Similarly, Yost's reliance on *Licciardi v. Kropp Forge Div. Employees' Ret. Plan*, 990 F.2d 979, (7th Cir. 1993) is misplaced. First, *Licciardi* lacks authoritative force as it was not rendered by an Illinois court. *See* B.E.L.T., Inc. v. Wachovia Corp., 403 F.3d 474, 477 (citation omitted). Thus, *Licciardi* does not and cannot abrogate Illinois law (cited above) holding: (a) court will consider tax evasion in determining whether or not a defense of illegality applies; and (b) notes arising out of an illegal scheme cannot be enforced by the perpetrator of that scheme. Second, *Licciardi* lacks persuasive authority because it is inapposite to the facts of this case.

To begin with, Yost misstates the holding of the case. The *Licciardi* court did *not* hold "that contract cases should not be complicated by collateral inquiries into the validity of tax-motivated transactions." *Licciardi v. Kropp Forge Div. Employees' Ret. Plan*, 990 F.2d 979, 984 (7th Cir. 1993). The *Licciardi* court held that the plaintiff claims were barred because he had released those claims. *Licciardi v. Kropp Forge Div. Employees' Ret. Plan*, 990 F.2d 979, 984 (7th Cir. 1993). The court never addressed the tax implications of the agreement or the defense of illegality such as to the voidness of the agreement at issue citing the possibility that there can be a fine line between avoidance and evasion, but then deciding the matter based on the fact that the Plaintiff Licciardi had executed a release of his claims.

Moreover, in *Licciardi*, there was ambiguity regarding the allegations of illegality. Here, there is no such ambiguity. Carroll's allegations and exhibits demonstrate Plaintiff's deliberate tax <u>evasion</u> scheme was the purpose of the purported notes. (*See* Dkt. 77.) Yost's intent to evade payment of gift taxes incurred as a result of giving Carroll and his daughter the funds is demonstrated not just by Carroll's allegations but also by Yost's *own writings* attached to the

5

Defenses. (Dkt. 77.)[2] It is also evidently clear that Carroll did not believe that the purported notes were real.

Accordingly, this Court should deny Plaintiff's Motion to Dismiss Carroll's affirmative defense of illegality and Carroll's affirmative defense for Illegality should stand.

## II. Plaintiff Should Be Estopped from Enforcing Void Agreement

Yost attempts to defeat Carroll's estoppel defense by arguing that a "party is not justified in relying on representation outside of or contrary to the written terms of a written contract he or she signs when the signer is aware of the nature of the contract and had full opportunity to read it." (Mot., p. 6.) This is not true, however, where, as here, the parties never intended the purported contract to in fact be a contract as Carroll has alleged. While the law is clear that parties may not vary the terms of a *bona fide*, unambiguous, written contract, it is equally clear that they can show by extrinsic evidence that, while the parties had executed an instrument which on its face purported to be a written contract, they did not, at the time of its execution, intend it to be a contract, and that it, therefore, was not a contract, and placed neither party under any legal obligation. *Nice Ball Bearing Co. v. Bearing Jobbers, Inc.*, 205 F.2d 841, 850-51 (7th Cir. 1979); "It is well settled that whatever the formal documentary evidence, the parties to a legal transaction may always show that they understood a purported contract not to bind them; it may, for example, be a joke, or a disguise to deceive others." 774 F.Supp.2d 902 (N.D. Il. 2011) (citing *Merk v. Jewel*

---

[2] Plaintiff concludes that Carroll should not benefit from the gift tax evasion scheme as he executed the false notes. However, it is not clear what benefit Plaintiff's evasion of gift taxes provides or provided to Carroll. Carroll would not incur any gift, or income taxes, as a result of a gift from Plaintiff as Section 2501 of the Internal Revenue Code of 1954 imposes a tax on the transfer of property by gift. The gift tax applies, under the provisions of the Code and §25.2511-1(a) of the Gift Tax Regulations, whether the transfer is in trust or otherwise and whether the gift is direct or indirect. Thus, the gift tax applies to all transactions whereby property or property rights or interests are gratuitously passed or conferred upon another, regardless of the means or device employed. *See* 26 C.F.R. §5.2511-1(c) of the regulations. Thus, the benefit of the false notes to Yost is clear.

*Food Stores Div. of Jewel Cos. Inc,* 945 F.2d 889, 893 (7th Cir. 1991) (applying federal law), and *Herzog Contracting Corp. v. McGowen Corp.,* 976 F.2d 1062, 1067 (7th Cir. 1992) (applying federal law); See also 810 ILCS 5/3-305(b) (which provides: the right to enforce the obligation of a party to pay an instrument is subject to the following:(1) a defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract, (ii) duress, lack of legal capacity, or illegality of the transaction which, under the law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings.). It is clear from Carroll's allegations that Carroll did not believe the purported notes were enforceable agreements. More importantly there are written communications from the Plaintiff that evidence the same. As such, it is not clear that there is written agreement barring equitable relief as Carroll alleges.

Concluding the purported notes were contracts, Yost asserts that where there is a contract there cannot be promissory estoppel. (Mot., p. 6.) Yost, however, cannot simply conclude there were contracts in this case. Carroll clearly alleges that Yost promised him that the notes were not to be enforced. Rather they were merely to avoid taxes and thus were a nullity. Moreover, Yost promised not to enforce the purported notes and Carroll relied on that promise to his detriment.

Pointing once again to *Licciardi* for support, Yost argues that because Carroll signed the purported notes at Yost's request, he was a willing participant in the fraud and should not benefit from the fraud. (Mot., p. 6.) Yost's argument is entirely specious. Even under Yost's own theory, it stands to reason that he as well should not benefit from the fraud or from his broken promise to Carroll. Finally, the court ruled against Licciardi not because Licciardi was involved in a tax fraud scheme (which the court did not consider as previously discussed), but because Licciardi had

7

executed a release of his claims.

As it is not clear the purported notes are not valid enforceable contracts Yost's motion to dismiss must be denied, and Carroll's estoppel defense must stand.

### CONCLUSION

For the foregoing reasons, Morgan Timothy Carroll, respectfully requests that this Honorable Court deny Plaintiff's Motion to Dismiss.

Respectfully submitted,

Morgan Timothy Carroll

By: /s/ *Kara Allen*
    One of His Attorneys

Kara Allen
GUTNICKI LLP
4711 Golf Road, Suite 200
Skokie, Illinois, 60076
(847) 745-6292
kallen@gutnicki.com