UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. DAVID YOST,<br>    Plaintiff,<br>v.<br>MORGAN TIMOTHY CARROLL,<br>    Defendant. | Civil Action No. 1:20-cv-05393<br><br>Magistrate Judge Cole |

## REPLY MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS
## DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant/Counterplaintiff Morgan Carroll's opposition to plaintiff David Yost's motion to dismiss Carroll's affirmative defenses and counterclaim is notable for what it does not say. He does not dispute (1) that his counterclaim should be dismissed as duplicative of his first affirmative defense; (2) that the documents attached to his Affirmative Defenses and Counterclaim establish tax deferral (which is not illegal), not evasion; or (3) that the defense of promissory estoppel does not apply here. These three concessions are sufficient to dismiss his counterclaim and two affirmative defenses, none of which can be sustained as a matter of law.

### A. The counterclaim should be dismissed.

As Yost demonstrated in his opening memorandum, Carroll's counterclaim raises the same facts and legal issues as his first affirmative defense and should be stricken as redundant. (ECF 80 at 4.) Carroll failed altogether to address this argument, so he has conceded this point. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (noting that silence on a topic in an answering brief constitutes both a concession and a waiver of any counterarguments).

1

### B. Federal courts will not make a decision about a contract's legality on the basis of the parties' tax motivations.

Carroll offers a jumble of half-baked arguments in an effort to avoid the rule that "[t]he line between permissible tax avoidance and forbidden tax evasion is too fine to be made the fulcrum for resolving a private contract dispute." *Licciardi v. Kropp Forge Div. Employees' Ret. Plan*, 990 F.2d 979, 984 (7th Cir. 1993). His efforts are unavailing.

Carroll asserts that *Licciardi* "lacks authoritative force as it was not rendered by an Illinois court." (Mem. at 5.) However, Illinois court decisions do not govern Yost's illegality defense. "When a party asserts that a contract is illegal under a federal statute, federal law determines not only whether the statute was violated but also the effect of the violation on the enforceability of the contract." *Energy Labs, Inc. v. Edwards Eng'g, Inc.*, 2015 WL 3504974, at *3 (N.D. Ill. June 2, 2015) (quoting *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 273 (7th Cir. 1986) (citations and internal punctuation omitted))). Carroll's claims that Yost's intentions were "illegal" are based solely on federal statutes.[1] (Opp'n at 3 & n.1.) And because federal court decisions, not state court decisions, are binding on matters of federal law, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997), *Licciardi* governs.[2]

In any event, the Illinois case Carroll cites does not concern the issue addressed by *Licciardi*, which is that, in breach of contract cases, federal courts will not parse the distinction between tax avoidance/deferral and tax evasion to determine the legality of the contract's object. The question before the court in *Shanahan v. Schindler*, 63 Ill. App. 3d 82, 91–92, 379 N.E.2d 1307, 1314–15 (1st Dist. 1978) (cited in Opp'n at 3-4), was whether a stock purchase agreement was voidable as part of

---

[1] Indeed, Carroll could not raise this defense under Illinois law, as Illinois has no gift tax.

[2] Carroll spends nearly a page arguing that Yost's reliance on *In re Settlers' Hous. Serv., Inc.*, 520 B.R. 253, 263 (Bankr. N.D. Ill. 2014) and *Kedzie and 103rd Currency Exch., Inc. v. Hodge*, 619 N.E.2d 732 (Ill. 1993), is "misplaced," although Yost did not rely on those cases for any of the propositions mentioned by Carroll. (Opp'n at 4.)

2

a "tax evasion" scheme, *i.e.*, the buyer was acting as a secret "strawman" through whom a third person could buy stock from the seller to evade the tax consequences of the sale. The appellate court rejected this reasoning because the contract was legitimate on its face, and the notion that the parties had intended to evade taxes "was based largely on suspicion." *Shanahan*, 63 Ill. App. 3d at 92, 379 N.E.2d at 1314. The court was not asked to interpret the fine distinctions between permissible and impermissible tax motives in order to determine if the purpose of the contract was illegal.

Carroll tries to distinguish *Licciardi* on the basis that the "court never addressed the tax implications of the agreement or the defense of illegality" (Mem. at 5), but that, of course, is the gist of *Licciardi*'s rule that the legality of a contract should not be decided on the basis of nuanced tax questions.[3] This rule is only underscored by the fact that Carroll's support for his "tax evasion" argument consists primarily of tax code citations and tax court decisions (Opp'n at 3 n.1), which simply reconfirms that federal district courts will not address this issue in this situation. Because the Court cannot adjudicate whether Yost's tax strategy was illegal or permissible, Carroll cannot sustain a claim (or rely upon an affirmative defense) that the Notes are void *ab initio* because they were entered into for a so-called "illegal" purpose.[4]

Carroll also claims that this case is different from *Licciardi* because in that case "there was ambiguity regarding the allegations of illegality," which is not the case here because "Yost's own writings attached to the Defenses" demonstrate his "intent" to evade. (Opp'n at 5-6.) Preliminarily, nothing in Licciardi suggests that ambiguity had anything to do with the outcome. Moreover, as Yost noted in his opening brief, the writings attached to the Defenses show only that Yost intended

---

[3] Carroll makes no effort to distinguish *Knopick v. Jayco, Inc.*, 895 F.3d 525, 531-32 (7th Cir. 2018), to which Yost also cited.

[4] Carroll disingenuously complains that he received no benefit from this supposed "tax evasion" scheme. (Opp'n at 6 n.2) but receiving over $8.2 million in "gifts" that do not need to be repaid seems like an enormous benefit.

3

to defer taxes, not evade them altogether. (ECF 80 at 5-6 n.4.) Carroll failed to address this argument, so he concedes it. *Bonte*, 624 F.3d at 466.

### C. Carroll's promissory estoppel affirmative defense should be dismissed because it cannot be sustained as a matter of law.

In an effort to avoid the rule that promissory estoppel does not apply when the parties have a written contract, Carroll argues that he will prove with parol evidence that the parties did not intend the Notes to be real contracts, so the contracts are void. (Opp'n 6-8.) This argument is flawed for a number of reasons.

As an initial matter, this argument does not make sense. If Carroll were able to void the notes with parol evidence, he would not need an estoppel argument to prevent enforcement.

More problematically, Carroll is conflating two different concepts. Promissory estoppel is an affirmative defense that can be invoked when there is no contract between two parties, whereas the parol evidence rule is an evidentiary concept related to contract interpretation. The two concepts are unrelated. None of the cases Carroll cites even address promissory estoppel—they all concern the parol evidence rule, which does not help him here. Carroll makes no effort to explain why this case is an exception to the rule that promissory estoppel is not available in contract actions.

Perhaps realizing that his promissory estoppel defense is dead in the water, Carroll attempts to premier new defenses, citing to the defenses listed in 810 ILCS 5/3-305.[5] (Opp'n at 6-7.) However, Carroll has only pled one of these defenses (illegality), and he cannot simply assert new defenses in a response brief to compensate for the deficiencies in his pleading. *See* Fed. R. Civ. P. 8(c) (defenses must be asserted "in responding to a pleading").

---

[5] After confidently asserting in the first section of his brief that Illinois law governs and 810 ILCS 5/3-305 does not apply, Carroll then, in the second section of his brief, cites to cases applying federal law and to 810 ILCS 5/3-305.

4

## CONCLUSION

For the foregoing reasons, and those discussed in Yost's motion and memorandum in support, Yost respectfully requests that the Court grant his motion and dismiss with prejudice both of Carroll's affirmative defenses and his counterclaim.

Dated: April 4, 2022

Respectfully submitted,

/s/ *Bonita L. Stone*

Bonita L. Stone
Debra K. Lefler
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Tel: 312-902-5200
Fax: 312-902-1061
bonita.stone@katten.com
debra.lefler@katten.com

*Counsel for Plaintiff R. David Yost*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 4, 2022, I caused a true and correct copy of the foregoing *Reply Memorandum in Support of Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendant's Amended Affirmative Defenses and Counterclaim* to be served on all counsel of record via the CM/ECF filing system.

/s/ *Bonita L. Stone*
Bonita L. Stone
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, Illinois 60661
Tel: 312-902-5200
Fax: 312-902-1061
bonita.stone@kattenlaw.com

*Counsel for Plaintiff R. David Yost*