IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID YOST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 5393 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MORGAN CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a Petition for Attorneys' Fees in connection with his successful Motion for a Protective Order to prevent the deposition of Mr. Charles Harris, a Partner in the Trusts and Estates Department of Katten Muchin Rosenman, LLP in Chicago. [Dkt. #142]. *See Yost v. Carroll*, 2022 WL 3594643, at *5 (N.D. Ill. 2022). [Dkt. ##133, 134]. The Katten Muchin Firm is counsel for the plaintiff in this case. The Petition seeks an award of $14,684 for work done in connection with the Motion for Protective Order. In addition, the motion seeks leave to file a supplemental Fee Petition in an unspecified amount to cover the expense for work involved in preparation of the instant Petition for Attorneys' Fees. [Dkt. #142 at 4].

The Motion for Attorneys' Fees is perhaps illustrative of what prompted Judge Johnston's recent incisive comment that "[i]f Dante were a judge, he would have placed fee litigation as an inner circle of judicial hell." *DR Distributors, LLC v. 21 Century Smoking, Inc. & Brent Duke*, 2022 WL 5245340, at *1 (N.D. Ill. 2022). The briefing in the present dispute spans 74 pages, including exhibits. Those presentations spend a good deal of time arguing over what was said or what was meant, or what wasn't said, during the discussions required by the Federal Rules of Civil Procedure and the Local Rules – discussions that, in the end, amounted to nothing. It is unfortunate that all too

many cases seem to devolve into conflict between the lawyers often over what occurred in conferences, which all too often accomplishes nothing while consuming disproportionate amounts of the lawyers' time – and ultimately that of the court as well. Unfortunately, the present controversy has not eluded that difficulty.

What is required in connection with an application for attorneys' fees is for the court to decide whether a defendant's opposition to a plaintiff's motion was "substantially justified." Fed.R.Civ.P. 37(a)(5)(A)(ii). If it was, a fee award is prohibited by the Rule, itself. *Id.* Opposition is "substantially justified" if there is a "genuine dispute," or "if reasonable people could differ as to [the appropriateness of the contested action]. . . ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Suide v. Astrue*, 453 F. App'x 646, 648 (7th Cir. 2011). Ruling on Mr. Yost's Motion for Protective Order could have gone either way. Indeed, the Motion, itself, was ultimately committed to the exercise of the court's "extremely broad discretion." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). There was not only one "right" answer. *See Davis v. Mitchell*, 2022 WL 2073010, at *1 (N.D. Ill. 2022)("Absent a negotiated agreement between counsel, the "loser" on a discovery motion might be "right" in the eyes of some decision makers, but "wrong" in the eyes of others."); *Kinon Surface Design v. Hyatt International Corp.*, 2022 WL 787956, at *1 (N.D. Ill. 2022)("A party . . . could be "right," but find itself on the losing side, and properly so, when the matter comes before the court, and the court's discretion leads it to accept the other side's "right" position."); *Arora V. Midland Credit Mgmt.*, No. 15 C 6109, 2021 WL 3737695, at *1 (N.D. Ill. 2021)("Generally, there are no preordained right or wrong answers. Indeed, discretion connotes a

range, not a point.").[1] In short, an award of fees in this instance would not be appropriate.

What is striking about the plaintiff's Petition for Fees is that it seeks nearly $15,000 for the preparation of the Motion for Protective Order and the Reply Brief. A fee petition necessarily, under the Rule, subjects the original motion to another look. The plaintiff's Motion for a Protective Order was barely four pages long and cited no case law to support it. [Dkt. #121]. Such abbreviated motions are routinely – and summarily – denied as skeletal and unsupported. *See Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618 (7th Cir. 2022)("We have made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority are waived."); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)(". . . this court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). It was not until the plaintiff's Reply Brief that Plaintiff's "arguments" were developed and supported by pertinent authority. But that is generally and properly condemned as an impermissible tactic, and generally – and properly – results in a

---

[1] An earlier Opinion in this case, *Yost v. Carroll*, 2022 WL 3594643, at *4 (N.D. Ill. 2022), noted:

"Discretion, it cannot be too strongly emphasized, denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541; *Pruitt v. Mote*, 2006 WL 3802822, 472 F.3d 484 (7th Cir. 2006); *Cowen v. Bank United of Texas*, FSB, 70 F.3d 937 (7th Cir. 1995); *United States v. Liebert*, 519 F.2d 542, 547 (3d Cir. 1975); *Rogers v. Loether*, 467 F.2d 1110, 1111–12 (7th Cir. 1972)(Stevens, J.); *Balderas v. Illinois Cent. RR Co.*, 2021 WL 76813, at *1 (N.D. Ill. 2021). Indeed, on virtually identical facts, two decision-makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion. *See United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). Indeed, 'the district judge's substantial discretion ... ensures inconsistency.' *Johnson v. Daley*, 339 F.3d 582, 593–594 (7th Cir. 2003). *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). An abuse of discretion occurs when no reasonable person could take the view of the district court. Thus, two judges confronted with the identical records can come to opposite conclusions and for the Appellate Court to affirm both. *United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008); *U.S. v. Re*, 401 F.3d 828, 832 (7th Cir. 2005). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.)('The striking of a balance of uncertainties can rarely be deemed unreasonable....')."

3

denial of the motion, along with well-merited criticism by courts. *See, e.g., Cloutier v. GoJet Airlines, LLC*, 996 F.3d 426, 451 (7th Cir. 2021)("He began to add some color to the argument in his reply brief, but 'arguments not fully developed until a reply brief are waived.'"); *Bitsin v. Holder*, 719 F.3d 619, 630 n.23 (7th Cir. 2013)("[Plaintiff] only fully developed this argument in his reply brief, and, therefore, the argument is waived."); *Bodenstab v. Cnty. of Cook*, 569 F.3d 651, 658 (7th Cir. 2009)("[P]laintiff, however, did not develop these arguments until his reply brief and thus has waived any such argument.").

      Second, plaintiff's counsel's representations about putting up an "ethical wall" [Dkt. #121, Pars. 2, 3, 5] were neither explained nor supported by any Affidavit or Declaration. Perhaps the matter and the curative seemed so basic and self-evident that it was felt that no explanation or amplification was needed. Be that as it may, the undeniable reality is that unsworn assertions in a brief are not evidence or proof, *United States v. Velazquez*, 569 F. App'x 460, 462 (7th Cir. 2014); *Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015), and it takes no time to make them.

      Third, the subpoena at issue in the Motion for a Protective Order was served on February 28, 2022.[Dkt. #121, ¶ 4]. It scheduled a deposition for April 4th and demanded production of documents by that same date. [Dkt. #121-2]. According to the plaintiff's motion, plaintiff's counsel did not object in any fashion to the subpoena until a month and a half later, on April 14, 2022. [Dkt. #121, ¶ 5]. The time to object to the subpoena was, of course, March 14th – at the very least, in terms of production of documents. Fed. R. Civ. P. 45(c)(2)(B); *Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012). Failure to timely object can constitute a waiver. Timeliness is not optional.

      Finally, the Motion for a Protective Order was filed nearly *three months* after the subpoena was served and mere hours before the close of fact discovery. [Dkt. #93]. Deadline-day discovery

motions are rarely proper or well-received. *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *Summy-Long v. Pennsylvania State Univ.*, 715 F. App'x 179, 184 (3rd Cir. 2017). Parties who wait until the last minute to file motions to compel or seek deadline extensions – and there are many who do – are "playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). The delay is, in a way, more questionable, given the history of this case, [Dkt. #147] and plaintiff's rather adamant stance – an objection *and then* a motion for reconsideration and reply brief – against defendant's motion for an extension of a previous discovery deadline when *that* motion came at the eleventh hour. [Dkt. #85, at 1-2]. Even when defendant – albeit inexplicably – belatedly explained that the delays had been due to medical emergencies in counsel's family, plaintiff did not give up. [Dkt. #85, at 1-2]. It is thus difficult to see how fees should be awarded to plaintiff when he waited three months to file a Motion for a Protective Order on the day discovery closed. *See* Fed.R.Civ.P. 37(a)(5)(A)(iii)("But the court must not order this payment if . . . other circumstances make an award of expenses unjust."). Dilatoriness should to be rewarded.

The plaintiff explains that the Motion was filed at the eleventh hour because was waiting for the court to rule on his Motion to Dismiss. But, the plaintiff made plain in correspondence with the defendant that he was going to challenge the subpoena "regardless of the ruling." [Dkt. #151, at 1]. Again, the motion was barely three pages and cited no legal research at all. It was drafted on May 11th. [Dkt. #142-2]. Surely it could have been drafted and filed earlier.[2] The court would have been able to figure out that the Motion was moot if it had granted plaintiff's Motion to Dismiss. Little or

---

[2] In addition, the four-page Motion for a Protective Order – which cited no cases – was, according to the Fee Petition, drafted and revised six times at a claimed cost of over $6,600. [Dkt. #142-2]. Given the circumstances surrounding the drafting of the Motion and the impressive background and experience of those responsible for it, the time claimed to have been expended on the Motion – to say nothing of the cost – would certainly seem excessive.

5

nothing was gained by waiting until the day discovery closed.

While the plaintiff's Motion for a Protective Order was granted, there was no inevitability about that conclusion – a conclusion which fell within and was guided by the various discretionary considerations which underlay the kind of motion that was before the court. In that instance, discretion was exercised in plaintiff's favor. That, however, does not mean that under Rule 37 fees *must* be granted to the plaintiff because he prevailed on the Motion for Protective Order. For the reasons discussed above, the opposition to the plaintiff's Motion for Protective Order was substantially justified under Fed.R.Civ.P. 37(a)(5)(A)(ii), and the plaintiff's Petition for Fees [Dkt. #142] is denied.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 10/21/22