IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID YOST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 5393 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MORGAN CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a "Motion to Appoint a Special Master" to oversee what the defendant calls "a discrete process to access and search" plaintiff's emails, third-party defendant's emails, and the emails of plaintiff's two other daughters and one Genevieve McCormack.

Discovery in this case closed on October 31, 2022. That deadline was the result of multiple extensions, the majority of which were requested by the defendant. [Dkt. #145]. Indeed, the most recent extension setting the discovery deadline as October 31st came at the behest of the defendant. In his motion for that extension, the defendant provided no excuse for not having completed discovery, which began, a year into this case, back in September 2021. [Dkt. #31]. He simply stated that "[a]t the September 28, 2022 status hearing, [defendant's] counsel indicated that fact discovery will not be completed by October 7, 2022." [Dkt. #146, Par. 2]. As such, the motion failed to comply with the applicable federal rule – Fed.R.Civ.P. 16(b) – and ignored the applicable case law. *See, e.g., MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *Yost v. Carroll*, No. 20 C 5393, 2022 WL 888945, at *1 (N.D. Ill. Mar. 25, 2022). But, perhaps sensing

that the end of discovery was finally near, and noting that the plaintiff did not object to an extension to October 31st but not beyond, I granted the defendant's motion on September 29, 2022. But, my Order could not reasonably have been misinterpreted: it explicitly said that this was the final extension of discovery in this case: "So that there will be no misunderstanding, it should be emphasized that this is the last and final extension of the discovery schedule." [Dkt.#147](Underlining in original).

Yet, after the close of business on October 27th, the defendant filed the instant motion, which, while not mentioning it, in essence seeks a reopening of fact discovery for what appears to be rather expansive ESI discovery targeting at least five parties. The Motion makes absolutely no case for the reopening of discovery in terms of the "good cause" mandated under Fed.R.Civ.P. 16(b)(4) or any showing of diligence under cases like *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009), *MAO-MSO*, 994 F.3d at 878, *Trustmark Ins.*, 424 F.3d at 553 and *Herrera v. General Atomics*, 2022 WL 1343001, *3 (S.D.Cal. 2022). It also shows a complete and utter disregard for the instructions – perhaps warning, is a better word – I gave to defendant's counsel on August 3rd, when he indicated he would shortly be filing a motion for summary judgment even though he said he wanted to take additional discovery thereafter. I could have not been clearer:

> Don't move for summary judgment until you finish discovery. That is not going to (inaudible). You're sort of doing it piecemeal, but I'm not going to do it that way.
>
> \* \* \*
>
> One can't know what the truth is until after everyone has had discovery. It's not going to be done piecemeal.

[Dkt. #144, at 19-20]. Defendant then filed his motion for summary judgment on September 1st. [Dkt. # 136]. At that time discovery was set to close on October 7th. So, all indications were that

little was left to be done, otherwise defendant, given my instructions at the August 3rd hearing – which were not by any measure unusual – would not have filed a summary judgment motion.

Nonetheless, at 5:51 pm on October 27th, one business day before the close of discovery, the defendant filed his Motion, and he did so despite the fact that he had been warned against filing eleventh-hour motions. *Yost v. Carroll*, No. 20 C 5393, 2022 WL 888945, at *1 (N.D. Ill. 2022). Why the defendant waited until the very last minute, yet again, goes unexplained – yet again. But given the history of leniency with defendant's unsupported motions for extensions and eleventh-hour filings, and previous warnings, this one crosses the line. In essence, it reflects a disregard for scheduling Orders and the importance of deadlines. Deadlines count. *See, e.g., Mitchell v. City of Chicago*, 862 F.3d 583, 586 (7th Cir. 2017); *Brosted v. Unum Life Ins Co. Of America*, 421 F.3d 459, 464 (7th Cir. 2005); *United States v. Golden Elevator*, 27 F.3d 301, 302 (7th Cir. 1994). "Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *Id.*

To make matters worse, plaintiff's response to the defendant's motion for summary judgment was due the next day, meaning plaintiff's counsel had completed a lengthy, three-part filing and had only to dot i's and cross t's the next day. So, plaintiff was put to the time-consuming task of defending a motion for summary judgment that, giving my admonishment on August 3rd, ought not to have been filed. One can only assume – again, given the tortured history of this case – that the defendant, after gathering whatever additional ESI discovery it envisions from multiple individuals, would think nothing of filing a second, better-supported motion for summary judgment.[1] But,

---

[1] It would not be the first time the court has experienced such a move. For the most recent example of repeated, time-consuming whacks at the pinata, *see, e.g., Park Ridge Sports, Inc. v. Park Ridge Travel*
(continued...)

"[m]otion practice is not a series of trial balloons where you [submit] what you think is sufficient, [you] see how it flies, and if it does not, you go back and try again. If that is the way the system worked we would have motion practice going on forever." *Hansel 'N Gretel Brand, Inc. v. Savitsky*, 1997 WL 698179, *2 (S.D.N.Y. 1997).

In short, defendant cannot have it both ways. Defendant was told, in no uncertain terms, not to move for summary judgment until discovery was completed. Defendant made a choice, and now defendant has to live with that choice. Choices have consequences. *Conway Family Trust v. CFTC*, 858 F.3d 463, 464 (7th Cir. 2017); *Crowe ex rel. Crowe v. Ziegler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011). It is not an abuse of discretion to deny a party's motion to reopen discovery once that party's motion for summary judgment has been briefed. *Cf. Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014); *Gutierrez v. AT & T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir.2004) (finding no abuse of discretion in district court's decision to reject motion to reopen filed "after the close of discovery [and] in the midst of summary judgment briefing"). Indeed, even if the August 3rd hearing and the defendant's motion for summary judgment are taken out of the calculus, it is not an abuse of discretion to deny a motion that by necessarily implication reopens/extends discovery and, moreover, one which was filed at the last minute.

---

$^1$(...continued)
*Falcons*, No. 20 C 2244, 2022 WL 1643840, at *1 (N.D. Ill. Jan. 5, 2022)("A year has gone by and the plaintiff is back, incredibly, for a third bite of the apple, having filed another motion for a preliminary injunction on September 23, 2021."). And, it is no answer for the defendant to say that he would not file a second motion for summary judgment or that, having been appointed a special master, would not trouble the court with continued discovery motion practice as this case limps into its third year. The court has heard such assurances in the past, and certainly has been told in this case, more than once, that just "one final extension" was needed. Faith in such repeated assurances tends to wane around the third or fourth extension.

For the foregoing reasons, the defendant's Motion to Appoint a Special Master [Dkt. #157] is denied.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/18/22